## George C. Reidell *versus* Jennings B. Congdon.

Under the *St.* 1793, *c.* 59, § 4, which provides, that in certain cases male children may be bound out as apprentices by the overseers of the poor, "until they come to the age of *twenty-one years*," the overseers are not authorized to bind out a male child as an apprentice, until he shall be *twenty years* of age.

The same statute requires, that in indentures of apprenticeship by overseers of the poor, provision shall be made for instructing the male children "*to read, write and cypher*," and "for *such other instruction*, benefit and allowance, either within or at the end of the term, as to the overseers may seem fit and reasonable." It was *held*, that an indenture, in which the master merely covenanted to give the apprentice "the privilege of all the town school usually taught in the town," was void.

This was assumpsit to recover payment for services performed for the defendant by the plaintiff's son.

At the trial, in the Court of Common Pleas, before *Strong* J., the defendant, for the purpose of proving that the plaintiff's son was lawfully bound to him as an apprentice, offered in evidence an indenture of apprenticeship dated March 17, 1832, executed by the selectmen of Douglas, acting as overseers of the poor, by which the son was so bound to the defendant *until he should be twenty years of age*, the defendant covenanting to give the apprentice "*the privilege of all the town school usually taught in the town of Uxbridge*," furnishing

him with suitable books therefor." It was proved, that as early as June 1832, the plaintiff gave notice to the defendant, that he did not consider the indenture legal, and that he should claim of him payment for the services of his son, while he remained in his employment.

Reidell<br>v<br>Congdon.

The plaintiff objected to the admission of the indenture in evidence, for the following, among other reasons :

1. Because the overseers were not authorized by any statute to bind out an apprentice for a less term than till his arrival at the age of *twenty-one* years.

2. Because the covenant in the indenture relating to the instruction of the apprentice, was not agreeable to the provisions of the statute.

The judge ruled that the indenture was inadmissible ; and the jury returned a verdict for the plaintiff. The defendant thereupon excepted.

The *St.* 1793, *c.* 59, § 4, authorizes overseers of the poor, to bind out, by deed indented or poll, as apprentices, poor male children " *till they come to the age of twenty-one years,*" and requires that provision " be made in such deed for the instructing of male children so bound out, *to read, write and cypher,*" and " *for such other instruction,* benefit and allowance, either within or at the end of the term, *as to the overseers may seem fit and reasonable.*" It further provides, that any apprentice discharged from his master on account of illtreatment by the master, or whose master shall decease, may be bound out anew for the remainder of the term.

*Barton* and *Bacon*, for the defendant.

Oct. 6th.

*Bigelow* and *Folsom*, for the plaintiff, to the point, that the powers delegated to the overseers, were in derogation of the rights of the father, and therefore must be strictly pursued, cited *Day* v. *Everett*, 7 Mass. R. 145 ; *Taylor* v. *Horde*, 1 Burr. 60 ; *Banorgee* v. *Hovey*, 5 Mass. R. 36.

*Per Curiam.* The Court are of opinion, that the objections to the admission of the indenture in evidence, are sustained. The power of the overseers in relation to this subject is a very important one. The statute, which contains various precautions for the benefit of the minor, provides, that male children may be bound out as apprentices " till they come to

Oct. 7th.

the age of twenty-one years." We think this provision of the statute must be strictly pursued. The services of the apprentice are of more benefit to the master if he continues with him till he arrives at the age of twenty-one years ; and more advantageous terms may therefore be obtained of the master, if it is stipulated that he shall so remain. The binding out of a male child until he shall arrive at the age of twenty years, is not a compliance with the statute, and is not for the benefit of the minor, and for both of these reasons this indenture is invalid. This objection is decisive of the case.

The other objection is equally conclusive. The statute provides, that the apprentice shall be taught to *read, write and cypher*. Now it may be, that more would be taught at the town schools ; but these branches of education may not be taught ; or the town may neglect its duty to provide schools.

*Exceptions overruled, and judgment of the Court of Common Pleas affirmed.*